UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TALENA FITZPATRICK,
o.b.o M.V.F., Jr., a Minor,

       Plaintiff,                                Case No.  1:16-CV-01

v.

                                                  HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

## OPINION

This is a social security action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff's son, M.V.F., is not entitled to Supplemental Security Income under Title XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  The Commissioner has found that M.V.F. is not disabled within the meaning of the Act.

### STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff's son, M.V.F., was born on January 6, 2005, and was nine years of age on the date of the ALJ's decision. (PageID.50, 60.) On March 8, 2012, Plaintiff submitted an application for disability benefits, asserting that M.V.F. had been disabled since June 1, 2011, due to a learning problem and ADHD. (PageID.50, 134–139.) This application was denied on July 30, 2012, after which time Plaintiff requested a hearing before an Administrative Law Judge (ALJ).

(PageID.59, 82–84.) On February 28, 2014, ALJ Stanley Chin conducted an administrative hearing at which time Plaintiff testified. (PageID.35–48.) ALJ Chin began the hearing by informing Plaintiff of her right to counsel, but Plaintiff stated she wished to proceed without one. (PageID.38.) In a written decision dated May 5, 2014, the ALJ determined that M.V.F. was not entitled to disability benefits. (PageID.60–80.) Plaintiff subsequently obtained counsel and sought review before the Appeals Council. (PageID.33–34.) On October 29, 2015, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.21–24.) Plaintiff subsequently initiated this appeal under 42 U.S.C. § 405(g).

## ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(I). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim under a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity the child cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s)

3

"meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments ("Listings"). 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

      The ALJ made the following findings:

1. The claimant was born on January 6, 2005. Therefore, he was a school-age child on March 8, 2012, the date the application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 416.924(b) and 416.972).

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder and a speech and language delay (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

(PageID.66–67.)

      Next, the ALJ was required to determine whether M.V.F. suffered from an impairment that was the functional equivalent of a listed impairment. In doing so, the ALJ was required to evaluate how M.V.F. functioned in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)–(b). To be considered disabled, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

    (i) acquiring and using information,
    (ii) attending and completing tasks,
    (iii) interacting and relating with others,
    (iv) moving about and manipulating objects,
    (v) caring for yourself, and
    (vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1). The ALJ found that M.V.F. experienced "less than marked" limitations in acquiring and using information, attending and completing tasks, and interacting and relating to others. (PageID.72–75.) M.V.F. further had no limitations in the areas of moving about and manipulating objects, caring for himself, and in health and physical well-being. (PageID.75–77.) Accordingly, the ALJ determined that M.V.F. did not functionally equal a listed impairment and, having completed the analysis, entered a decision finding that M.V.F. was not disabled as defined by the Social Security Act. (PageID.77.)

## DISCUSSION

As noted above an ALJ is required, at step three, to determine whether a child claimant meets, medically equals, or functionally equals, a listed impairment. Plaintiff argues the ALJ erred in all three respects. First, she argues the ALJ erred in failing to find M.V.F. meets the requirements of Section 112.11 of the Listings. She further argues the ALJ erred in failing to discuss whether M.V.F. met Sections 112.02 and 112.05. (PageID.278–280.) Next, she argues the ALJ erred in failing to consult an expert regarding whether M.V.F's severe impairment of a speech and language delay medically equaled one of the Listings. (PageID.285.) Plaintiff next argues the ALJ erred in failing to find M.V.F. functionally equaled a Listing. (PageID.284–285.) Finally, she argues the ALJ failed to properly develop the record at the hearing, as she was unrepresented by counsel at that stage. (PageID.285–288.) The Court will consider the latter issue first, as it has some bearing on the other issues raised by Plaintiff.

**1.    The ALJ Properly Developed the Record.**

Plaintiff, who was unrepresented before the ALJ, asserts that she is entitled to relief because the ALJ failed to fully develop the record in this matter. The Court disagrees.

5

While the claimant bears the ultimate burden of establishing that she is entitled to disability benefits, the ALJ has an affirmative duty to develop the factual record upon which his decision rests, regardless of whether or not the claimant is represented. *See, e.g.*, *Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, (6th Cir. 2010) (citation omitted) ("[t]his court has also long recognized an ALJ's obligation to fully develop the record"); *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (the ALJ has "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing").

However, where the claimant is unrepresented, is incapable of "presenting an effective case," and is "unfamiliar with hearing procedures," the ALJ has "a special, heightened duty to develop the record." *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986), and *Lashley*, 708 F.2d at 1051–52). This heightened duty arises from the remedial nature of the Social Security Act, as well as the recognition that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley*, 708 F.2d at 1051 (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). To satisfy this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley*, 708 F.2d at 1052 (citations omitted).

Because this assessment is not readily amenable to the application of bright line tests, whether the ALJ has satisfied this special duty is to be determined on a case-by-case basis. *See Osburn v. Apfel*, 1999 WL 503528, at *7 (6th Cir. July 9, 1999) (citation omitted). The absence of

a bright line test does not mean, however, that the Court is without guidance when making this assessment. To the contrary, courts have articulated several concerns relevant to this determination.

First, reversal of the ALJ's decision is not warranted simply because an attorney would have better developed the record. Instead, "the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts." *Rowden v. Chater*, 1996 WL 294464 at *1 (6th Cir., June 3, 1996). Also, the ALJ is not required, when confronted with an unrepresented claimant, to factually develop matters regarding which he has no notice. *Id* at *2; *see also Osburn*, 1999 WL 503528 at *7–8 (stating a claimant must "support his subjective complaints with objective evidence" before the ALJ can be required to "develop a record" regarding such).

Failure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation. *See, e.g.*, *Lashley*, 708 F.2d at 1052 (where the claimant "was only superficially questioned concerning his daily activities and his physical limitations," the ALJ failed to "fulfill his duty to develop fully the record"); *Rogers v. Sec'y of Health & Human Servs.*, 1986 WL 16548, at *3 (6th Cir. Feb. 28, 1986) (where the ALJ "did not even inquire into the claimant's emotional problems, or attempt to more fully understand his physical limitations," he failed to fully develop the record).

Plaintiff argues that the ALJ failed to properly develop the record because he should have obtained updated school and medical records. (PageID.285–286.) On the latter point, Plaintiff correctly notes the ALJ's statement at the administrative hearing that he was going to request updated medical records. (PageID.47.) Plaintiff is incorrect, however, in claiming the ALJ did not

7

request those records. Indeed, the record demonstrates the ALJ did what he said he was going to do, and sent a letter requesting those records from M.V.F.'s pediatrician. (PageID.193–195.) True, it does not appear those requested records were submitted to the ALJ, but Plaintiff fails to demonstrate what else the ALJ should have done on this point. In any event, the ALJ extensively questioned Plaintiff on the treatment her son had been getting. (PageID.42.) He further asked whether her son had received counseling or other types of treatment, how often her son received such treatment, and whether that treatment helped Plaintiff's condition. (PageID.43–44.) This can hardly be characterized as superficial or perfunctory questioning.

Similarly the ALJ questioned Plaintiff at length regarding her son's then present academic abilities. For example, he inquired into what grade M.V.F. was currently in, and whether he was attending special education classes. Here, Plaintiff's answers were consistent and firm: academically, M.V.F. was doing much better once he began taking medication. (PageID.41.) In fact, at several points she characterized her son's grades and ability to read and write as "excellent." (PageID.41, 46.) She noted that while M.V.F. was better able to concentrate, he continued to have behavioral problems at school, though she found she could control him better than his teachers could. (PageID.43.) At every turn then, the ALJ was met with the same response by Plaintiff, and the ALJ's questioning on this point demonstrates he satisfied his obligation to elicit both favorable and unfavorable facts. Moreover, Plaintiff did submit some school records, indicating she understood it was necessary to provide records in support of her case. (PageID.241–252.) Plaintiff now states that had she been represented, more recent records and an updated teacher questionnaire would have been submitted that demonstrated M.V.F.'s then current functioning. Perhaps. Plaintiff does not

provide those records.[1]  But as indicated above, reversal is not warranted based on the mere fact that counsel would have better developed the record.  In sum, the Court concludes that the ALJ properly developed the record in this matter.  This argument is, therefore, rejected.

> **2.     The ALJ's Decision that M.V.F. Did not Meet a Listed Impairment is Supported by Substantial Evidence.**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. The burden rests with Plaintiff to establish that the claimant satisfies all the requirements of a listed impairment. *See, e.g.*, *Zeiger v. Colvin*, 2014 WL 4421395 at *11 (N.D. Ohio, Sept. 8, 2014) (citations omitted).  Plaintiff argues the ALJ's decision here is not supported by substantial evidence because the record demonstrates M.V.F. meets the requirements of Section 112.11. (PageID.278.) She also argues that M.V.F. meets Sections 112.02 and 112.05, and that the ALJ erred in failing to discuss these listings. (PageID.279.) The Court disagrees.

> *A.     Section 112.11.*

Section 112.11 of the Listing concerns Attention Deficit Hyper Activity Disorder (ADHD) in children under the age of eighteen.  This impairment is manifested by "developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity."  20 C.F.R., Part 404, Subpart P, Appendix 1, § 112.11.  Under this listing, a child is considered disabled when the requirements in both of the following paragraphs are satisfied.

---

[1]Even if she had, they could not be considered here in the sentence four context, but may have provided a basis for a sentence six remand.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146–48 (6th Cir. 1996).

      A. Medically documented findings of all three of the following:

          1.      Marked inattention; and

          2.      Marked impulsiveness; and

          3.      Marked hyperactivity;

AND

      B.      For . . . children (age 3 to the attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.11.

      The appropriate age-group criteria found in B2 of Section 112.02 are:

    2.      For children (age 3 to attainment of age 18), an impairment resulting in at least two of the following:

          a.      Marked impairment in age-appropriate cognitive/communicative function . . . ; or

          b.      Marked impairment in age-appropriate social functioning . . . ; or

          c.      Marked impairment in age-appropriate personal functioning . . . ; or

          d.      Marked difficulties in maintaining, concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02(B)(2).

      The ALJ found that M.V.F.'s ADHD was not of a severity such that he met or medically equaled the requirements of Listing 112.11. (PageID.66–67.) Substantial evidence supported this conclusion. Plaintiff's testimony at the hearing, as well as the objective record, demonstrates that M.V.F.'s functioning was considerably improved after starting medication. As noted above, Plaintiff testified that M.V.F.'s grades were now "excellent" (PageID.46.) She could tell that when he took his medication there was a "big difference." (PageID.43.) M.V.F. was now able to sit down and concentrate without becoming frustrated. (PageID.43.) Similarly on

February 29, 2012, two weeks after starting medication, Plaintiff's teacher noted that she had seen improvement in M.V.F.'s overall activity level and he was better at following directions. (PageID.198.) On March 6, 2012, A social worker found M.V.F. was "noticeably less impulsive. His affect a calm and agreeable. [M.V.F.] even invited this observer, who was introduced to the class as a 'visitor,' to eat lunch with him. [M.V.F.] was appropriate while eating his entire lunch." (PageID.230.) At a followup on March 27, M.V.F. was initially pleasant and cooperative when the social worker met with him one on one, although after ten minutes he ended the conversation and refused to take a standardized test. He returned to the classroom. (PageID.232.) A month later on April 23, 2012, M.V.F.'s behavior was described as "manageable" since starting the medication. He could stay seated for at least thirty minutes, and was cooperative, charming and amiable. (PageID.233.) Regarding his social functioning, Plaintiff reported that "most of the time" M.V.F. acted appropriately with adults. (PageID.151.) He watched TV for an hour after school. (PageID.151.) He had friends at school and played with his cousins and sisters after school. (PageID.151.) In sum, the record shows that after beginning medication for his ADHD, Plaintiff's symptoms became less severe, and accordingly substantial evidence supports the ALJ's decision. *See* 20 C.F.R. § 416.924a(b)(9)(i) (noting the ALJ may consider the effects of medications on symptoms); *Smith v. Comm'r of Soc. Sec.*, 564 F. App'x 758, 763 (6th Cir. 2014) (same)

   To be sure, this is not to suggest that M.V.F. does not currently have academic, behavioral, speech, and language deficits. To the contrary, the record suggests that M.V.F. will continue to require substantial intervention in these areas. Rather, the record here merely demonstrates that Plaintiff cannot meet all the requirements of this listing, and substantial evidence supports the ALJ's decision. Accordingly, this argument fails.

>   B.   Sections 112.02 and 112.05.

Plaintiff next argues the ALJ should have also discussed whether M.V.F. met the requirements of Sections 112.02 (organic mental disorders) and 112.05D (intellectual disability). (PageID.279.)  It is patent that an ALJ need not "address every listing." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013). However, if there exists a "'substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990). In *Smith-Johnson v. Commissioner of Social Security*, 579 F. App'x 426 (6th Cir. 2014), the Sixth Circuit stated that "[a] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a substantial question as to whether he has satisfied a listing." *Id.* at 432. "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Id.*  Plaintiff has not done so here.[2]

For example, the Sixth Circuit has acknowledged that Listing 112.05D has four requirements: (1) significantly subaverage general intellectual functioning with (2) deficits in adaptive functioning, and (3) an IQ score between 60 and 70 with (4) a physical or other mental impairment that imposes an additional and significant limitation of function. *See Barnett ex rel. D.B. v. Comm'r of Soc. Sec.*, 573 F. App'x 461, 463–64 (6th Cir. 2014).  Plaintiff makes a cursory argument noting the M.V.F. has an IQ score of 68, an additional impairment of ADHD, and has problems with adaptive functioning, but makes no attempt to argue M.V.F. suffers from significantly subaverage general intellectual functioning. (PageID.279.) Nor is it apparent from the record that

---

[2]Indeed, Plaintiff points to no authority that requires reversal based on the ALJ's failure to mention these listings.  The Court finds this is not a case where the ALJ "skipped an entire step of the necessary analysis."  *See Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 416 (6th Cir. 2011)

M.V.F. would satisfy this element of the listing. Plaintiff's discussion of Listing 112.02 is similarly brief. (PageID.279.) Moreover, like Listing 112.02, this listing requires that a claimant meet the severity requirements of two paragraphs, the latter of which mirrors the second paragraph of Listing 112.11. For the same reasons M.V.F. does not meet all the elements of Listing 112.11, M.V.F. does not meet all the elements of Listing 112.02. Accordingly, the Court finds Plaintiff has not raised a "substantial question" regarding these two Listings, and therefore, any error here is harmless. *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (finding harmless error when a claimant failed to demonstrate his impairments satisfied the requirements of a listed impairment). Because Plaintiff has not met her burden, this argument is rejected.

For all the above reasons, this claim of error fails.

      **3.      The ALJ's Decision that M.V.F. Did not Medically Equal a Listed Impairment is Supported by Substantial Evidence.**

At step three, the ALJ noted he also considered M.V.F.'s speech and language delay. He noted that there was no listing for such an impairment, and further remarked that there was no opinion in the record finding this impairment medically equaled a Listing. (PageID.67.) Accordingly, the ALJ stated he was "unable to find that the claimant's speech and language delay medically equals the severity of another listed impairment." (PageID.67.) In a short paragraph with no accompanying authority, Plaintiff argues "[i]t was the ALJ's duty to solicit an expert's opinion regarding equivalency." (PageID.285.) This argument has been waived. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see United States v. Elder*,

90 F.3d 1110, 1118 (6th Cir. 1996); accord *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[Plaintiff develops no argument to support a remand, and thus the request is waived."). Even if it was not waived, the Court finds such an argument would fail. Plaintiff appears to be under the mistaken belief that because the ALJ found no medical opinion in the record finding this impairment equaled a listing, he did not have the benefit of a medical opinion at all. To the contrary, the ALJ did have the benefit of a medical consultant, Dr. Jacob Weintraub, M.D., who signed the Disability Determination and Transmittal Form (PageID.59) and opined that though M.V.F.'s speech and language delay impairment was severe, he nonetheless did not meet, medically equal, or functionally equal any listed impairment. (PageID.54.) Plaintiff does not argue the ALJ could not rely on this opinoin. Accordingly, this argument fails.

    **4. The ALJ's Decision that M.V.F. Did not Functionally Equal a Listed Impairment is Supported by Substantial Evidence.**

As noted above, to determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must assess the child's functioning in the aforementioned domains of functioning. The regulations articulate "age group descriptors" which attempt to identify the skills and proficiencies which children should attain by certain ages. The ALJ assessed M.V.F.'s claim under the "school-age" age group – age 6 to attainment of age 12.

To be considered disabled, the child's impairments must result in "marked" limitations[3] in two domains of functioning or an "extreme" limitation[4] in one domain. 20 C.F.R.

---

[3] A "marked" limitation is defined as one which "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). A claimant's "day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities." *Id.*

[4] An "extreme" limitation is defined as one which "interferes very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3).

§ 416.926a(a). The ALJ found that M.V.F. experienced less than marked limitation in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitation in the other domains. (PageID.72–77.) Plaintiff argues that the ALJ erred by failing to find that M.V.F. suffered from marked or extreme limitations in the following domains: (1) acquiring and using information; (2) attending and completing tasks; and (3) interacting and relating with others. (PageID.284–285.)

As an initial matter, Plaintiff's argument here is little more than asserting disagreement with the ALJ's conclusion and relying on a list of records, many of which predate the beginning of M.V.F.'s course of treatment, to argue for a more favorable determination. This is insufficient to warrant a sentence four remand. This is so because Plaintiff's burden at this judicial review stage is much higher than pointing to evidence on which the ALJ could have based a finding in her favor. She must show that the finding that the ALJ made is not supported by substantial evidence. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Plaintiff has not done so here. In any event, substantial evidence supports the ALJ's determination. Indeed, the record reflects the ALJ carefully considered the entire record in arriving at these conclusions. He acknowledged that M.V.F. had considerable difficulty in these domains, but provided a thorough and accurate explanation for why these difficulties did not rise to marked or extreme limitations. As the Court's above discussion of the record makes clear, Plaintiff's testimony at the hearing as well as the objective record after M.V.F. began his course of treatment reflect a significant decrease in the severity of his ADHD symptoms. While Plaintiff continues to experience difficulty, substantial evidence nonetheless supports the ALJ's determination in these domains. Accordingly, this claim of error fails.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED.**

A separate judgment shall issue.


Dated:      December 19, 2016              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE